Filed 3/5/2019 4:12 PM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE No. 2019-055

| | | |
|---|---|---|
| JERRY AND TANYA PYLE | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 4TH JUDICIAL DISTRICT |
| | § | |
| 21ST MORTGAGE CORP. | § | RUSK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE

NOW COME Plaintiffs, Jerry Pyle and Tanya Pyle, and file this original petition and application for temporary restraining order and request for disclosure against Defendant, 21st Mortgage Corp., and allege as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because he seeks injunctive relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

### PARTIES

3. Jerry Pyle and Tanya Pyle, a Rusk County resident who may be at 734 CR 171 W, Kilgore, Texas 75662.

4. 21st Mortgage Corporation, who may be served at 620 Market Street, One Center Square, Knoxville, Tennessee 37902.

## JURISDICTION

5. This court has jurisdiction over the parties in that both Plaintiffs reside in Rusk County, Texas and the events giving rise to this suit occurred in Rusk County, Texas.

## VENUE

6. Venue in Rusk County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

6. Jerry and Tanya Pyle are mortgagors on a note held by 21st Mortgage. In 2017 and 2018 the Pyle's began to struggle to make payments on their note to 21st Mortgage. Plaintiff's engaged in numerous negotiations with 21st Mortgage to come to an agreement regarding the Note.

7. On October 2, 2018 an agent from 21st Mortgage was scheduled to conduct a foreclosure sale on the court house steps of the Rusk County Courthouse. Attending that foreclosure sale was Jerry Pyle and another potential bidder who Mr. Pyle did not know. The Agent from 21st Mortgage never appeared on the Rusk County Courthouse steps to conduct the foreclosure sale as he was required to do by Texas law.

8. Because of the agent's failure to conduct the foreclosure sale, Mr. Pyle was unable to bid on his property being sold in the foreclosure auction. 21st Mortgage now claims the sale was conducted properly and again seeks to foreclose on the Pyle's home and evict Plaintiffs.

9. Plaintiff attaches an affidavit as Exhibit A that proves the allegations in this application for injunctive relief and incorporates it by reference.

## COUNT 1 – WRONGFUL FORECLOSURE

10. Plaintiffs bring suit for wrongful foreclosure. In other words, a debtor may recover damages for common-law wrongful foreclosure only if the mortgagee either (1) fails to comply

2

with statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure process. *First State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App. 1993), writ denied (Nov. 17, 1993).

11. Under Texas law, if a "defect" or "irregularity" occurs in the foreclosure process which deters third parties from bidding, then a debtor has a claim against the mortgagee for damages resulting from the "unfair" sale. *First State Bank v. Keilman*, 851 S.W.2d 914, 921 (Tex. App. 1993), writ denied (Nov. 17, 1993), *Pentad Joint Venture v. First Nat'l Bank*, 797 S.W.2d 92, 96 (Tex.App.—Austin 1990, writ denied).

12. A mortgagee's duty is to avoid affirmatively deterring prospective bidders by acts or statements made before or during a foreclosure sale. *Pentad Joint Venture*, 797 S.W.2d at 96. However, "a mortgagee is under no duty to take affirmative action, beyond that required by statute or the deed of trust, to ensure a 'fair' sale." Id. (emphasis added). In other words, a debtor may recover damages for common-law wrongful foreclosure only if the mortgagee either (1) fails to comply with statutory or contractual terms, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure process. First State Bank v. Keilman, 851 S.W.2d 914, 921–22 (Tex. App. 1993), writ denied (Nov. 17, 1993).

13. The foreclosure statute found at Tex. Prop. Code Ann. § 51.002 (West) states in part:

(a) Except as provided by Subsection (a-1), a sale of real property under a power of sale conferred by a deed of trust or other contract lien must be a public sale at auction held between 10 a.m. and 4 p.m. of the first Tuesday of a month. Except as provided by Subsection (h), the sale must take place at the county courthouse in the county in which the land is located, or if the property is located in more than one county, the sale may be made at the courthouse in any county in which the property is located. The commissioner's court shall designate the area at the courthouse where the sales are to take place and shall record the designation in the real property records of the county. The sale must occur in the designated area. If no area is designated by the commissioner's court, the

notice of sale must designate the area where the sale covered by that notice is to take place, and the sale must occur in that area. Tex. Prop. Code Ann. § 51.002 (West).

Under the facts, defendant's agent either did not conduct the sale pursuant to § 51.002 above, or conducted the sale in an area not a designated area.

## COUNT 2 – STATUTORY FRAUD IN A REAL ESTATE TRANSACTION

14. Plaintiff brings suit for statutory fraud in a real estate transaction. The elements of statutory fraud are: (1) There was a transaction involving real estate, (2) during the transaction, the defendant made a false representation of fact, made a false promise, or benefited by not disclosing that a third party's representation or promise was false. (3) The false representation or promise was made for the purpose of inducing the plaintiff to enter into a contract, (4) the plaintiff relied on the false representation or promise by entering in the contract, (5) the reliance caused the plaintiff injury. Tex. Bus. & Com. Code §27.01.

15. Here, the foreclosure sale was a transaction involving plaintiff's real estate. The defendant made a false representation of fact. Here, the Agent from 21st Mortgage never appeared on the Rusk County Courthouse steps to conduct the foreclosure sale as he was required to do by Texas law. However, 21st Mortgage claims the sale was conducted properly and again seeks to foreclose on the Pyle's home.

16. Defendant knew the sale was not properly conducted and made a false representation to the Plaintiffs. This false representation regarding the validity of the foreclosure sale was made for the specific purpose of inducing the Pyle's into a contract to purchase back their property from 21st Mortgage at an inflated rate. The Plaintiff relied on defendant's false representation by entering into a contract to purchase their home from 21st Mortgage plus additional usurious interest charges.

17. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court. Additionally, Plaintiff's injury resulted from defendant's gross negligence, malice, or fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). Plaintiff also claims exemplary damages under Tex. Bus. & Com. Code §27.01(c). Plaintiff is entitled to recover reasonable and necessary attorney fees under Tex. Bus. & Com. Code §27.01(e).

## COUNT 3 – NEGLIGENCE

18. The elements of a cause of action for negligence are (1) the defendant owed a legal duty to plaintiff, (2) the defendant breached the duty, and (3) the breach proximately caused injury to plaintiff. *Nabors Drilling, Inc. v Escoto*, 288 S.W.3d 401, 405 (Tex.2009). Plaintiffs allege that defendants breached a duty owed to plaintiffs by negligently failing to control their agent.

19. As to the first element, Defendants owed a common law duty to the Pyles under the risk-utility test. Specifically, in deciding whether there is a common law duty, Texas courts apply the risk utility test. *Midwest Empls. Cas.*, 293 S.W.3d at 779 (Tex.App.—San Antonio 2009, no pet.); *Foster v. Denton ISD*, 73 S.W.3d 454, 465 (Tex.App.—Fort Worth 2002, no pet.). The factors Texas courts consider when applying the risk-utility test are the risk, foreseeability, and likelihood of injury balanced against the social utility of the actor's conduct, the degree of the burden of guarding against the injury, and the consequences of placing this burden on the defendant. *Nabors Drilling, Inc. v Escoto*, 288 S.W.3d 401, 405 (Tex.2009). When these factors are balanced, the most important factor courts consider is the foreseeability of risk. *City of Waco v. Kirwan*, 298 S.W.3d 618, 623-24 (Tex.2009). Foreseeability requires only that the general danger, not the exact sequence of events that produced the injury, be foreseeable. *Mellon Mortg. Co. v. Holder*, 5 S.W.3d 654, 655 (Tex.1999). Texas courts also consider whether a party had a

duty to control the conduct of the person who caused the plaintiff's injury. *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993).

20. Here, Defendants hired Rick Petersen to conduct the foreclosure sale and therefore had control over the method he used to conduct the foreclosure sale. Mr. Petersen is an independent contractor who is hired by mortgage companies such as defendants to conduct foreclosure sales in various counties. Relationships that give rise to a duty to control the conduct of another include hirer-independent contractor relationships. *Greater Houston Transportation v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Therefore, Defendants' duty to control Mr. Petersen and the manner in which he conducted the foreclosure sale arose the moment they hired him.

21. To prove an action for negligence, Plaintiff must also establish Defendant breached its legal duty. *Nabors Drilling, Inc. v Escoto*, 288 S.W.3d 401, 405 (Tex.2009). In most cases, a defendant will be held to the standard of "ordinary care." *Great Atl. & Pac. Tea Co. v. Evans*, 175 S.W.2d 249, 250-51 (Tex.1943). "Ordinary care" can be simply defined as what a person of ordinary prudence would or would not have done under similar circumstances. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex.1984). Defendants breached their duty to Plaintiff when they chose to allow Mr. Petersen to either not conduct the sale or to not conduct the sale in the designated area at the Rusk County Courthouse steps.

22. Plaintiff must prove that Defendants breach proximately caused injury. *Nabors Drilling, Inc. v Escoto*, 288 S.W.3d 401, 405 (Tex.2009). Plaintiff suffered economic injury as a result of Defendants' negligent control over Mr. Petersen. But for Defendants' negligent control over their independent contractor, the plaintiff's property would not have been sold at a foreclosure sale. And, at the very least, it was certainly foreseeable to Defendants that if they allowed Mr. Petersen to wrongly conduct the foreclosure sale, then plaintiffs could suffer some economic harm.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

23. Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(5). Here, Plaintiff will suffer irreparable injury to real property.

24. Plaintiff asks the Court to grant a temporary restraining order preventing defendant from evicting Plaintiff at an Eviction Hearing set for March 8, 2019 in in the Justice of the Peace Court in Overton, Texas. Plaintiff also asks the Court to set a hearing for temporary injunction.

25. It is probable that plaintiff will recover from defendant after a trial on the merits because the evidentiary record will prove defendant wrongfully foreclosed on plaintiff's property.

26. If plaintiff's application is not granted, harm is imminent because defendant will seek to sell plaintiff's home in a foreclosure sale the first Tuesday of the month following this Court's decision regarding injunctive relief.

27. The harm that will result if the temporary restraining order is not issued is irreparable because the Pyle's home will be sold on the courthouse steps before a trial on the merits of this case.

28. Plaintiff has no adequate remedy at law because plaintiff is seeking to prevent irreparable injury to real property.

29. Plaintiff is willing to post bond.

## REQUEST FOR TEMPORARY INJUNCTION

30. Plaintiffs asks the Court to set their application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against defendant.

31. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

## JURY DEMAND

32. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

33. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

34. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

35. For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a. Temporary restraining order.

b. Temporary injunction.

c. Actual damages.

e. Prejudgment and postjudgment interest.

f. Court costs.

g. All other relief to which plaintiff is entitled.

Respectfully Submitted,

**FLOWERS DAVIS, P.L.L.C.**
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701
(903) 534-8063
(903) 534-1650 Facsimile

_____
Patrick Kabe Woods
State Bar No.: 24095035
pkw@flowersdavis.com
Attorney for Plaintiffs